DUPLICATE ORIGINAL

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A CERTIFIED TRUE COPY
ATTEST
By Jakeia Mells on Oct 09, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Oct 09, 2009

FILED
CLERK'S OFFICE

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 13 2009

CENTRAL DISTRICT OF CALIFORNIA
BY SCM  DEPUTY

IN RE: DIRECTV, INC., EARLY CANCELLATION
FEE MARKETING AND SALES PRACTICES LITIGATION

MDL No. 2093

**TRANSFER ORDER**

SA09-ML-2093 AG (ANx)
Bruce Keiser v. DirecTV
Cal CD SACV09-1178 AG (ANx)
Cal ND 5:09-2149

**Before the entire Panel**[*]: Plaintiffs in actions pending in the Southern District of Florida, the Northern District of Georgia, and the Western District of Washington have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Western District of Washington. Plaintiffs in the Eastern District of Pennsylvania and the District of New Jersey actions support the motion. Plaintiffs in the Central District of California action suggest centralization in the Central District of California. Plaintiff in the Northern District of California action opposes inclusion of his action in MDL proceedings. Defendants oppose centralization or, alternatively, support centralization in the Central District of California.

This litigation currently consists of seven actions listed on Schedule A and pending in seven districts, one action each in the Central District of California, the Northern District of California, the Southern District of Florida, the Northern District of Georgia, the District of New Jersey, the Eastern District of Pennsylvania, and the Western District of Washington.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions, including the Northern District of California action, involve allegations that defendants commit their customers to minimum programming terms without their knowledge or consent and unlawfully charge an early termination fee if the customer cancels service prior to the expiration of that programming term. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization, defendants argue that, while centralization would promote the convenience of the parties and witnesses and foster the just and efficient conduct of this litigation, pending or soon-to-be-filed motions to compel arbitration, motions to dismiss, or motions

---

[*] Judge Vratil did not participate in the disposition of this matter.

[1] The parties have notified the Panel that two additional related actions are pending, one each in the Western District of Louisiana and the District of South Carolina. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

I hereby attest and certify on 10/13/09 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

to transfer under Section 1404 may moot the question of Section 1407 centralization at some point in the future. Additionally, the Northern District of California plaintiff argues against inclusion of his action in centralized proceedings, because his action is unique and is currently stayed.

These arguments are unconvincing. The parties can present any pending motions to the transferee court and, indeed, such duplicative motions may benefit from centralized treatment. Moreover, we find that the Northern District of California action is sufficiently related to the remaining actions before the Panel to warrant inclusion. This plaintiff alleges that his programming commitment was unilaterally extended by defendant DirecTV, Inc., and, like the other actions, if he were to cancel his service, defendant would charge an early termination fee.

We are persuaded that the Central District of California is an appropriate transferee district. Four actions are already consolidated in that district before Judge Andrew J. Guilford, including the first-filed action. Moreover, DirecTV, Inc., is headquartered in that district and, therefore, relevant documents and witnesses are likely located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Andrew J. Guilford for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.           Kathryn H. Vratil*
David R. Hansen                 W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

IN RE: DIRECTV, INC., EARLY CANCELLATION
FEE MARKETING AND SALES PRACTICES LITIGATION     MDL No. 2093

## SCHEDULE A

### Central District of California

In re DirecTV Early Cancellation Fee Litigation, C.A. No. 8:08-741

### Northern District of California

Bruce Keiser v. DirecTV, Inc., C.A. No. 5:09-2149

### Southern District of Florida

Sandra Johannes, et al. v. DirecTV, Inc., C.A. No. 0:09-60464

### Northern District of Georgia

Renato Cappuccitti, et al. v. DirecTV, Inc., C.A. No. 1:09-627

### District of New Jersey

Lloyd Cadigan v. DirecTV, Inc., et al., C.A. No. 3:09-2333

### Eastern District of Pennsylvania

Gary Smith v. DirecTV, Inc., et al., C.A. No. 2:09-2157

### Western District of Washington

Keith C. Harper, et al. v. DirecTV, Inc., C.A. No. 2:09-282



**TERRY NAFISI**
District Court Executive and
Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

October 13, 2009

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Richard W. Wieking, Clerk
2112 U.S. Courthouse
280 South First Street
San Jose, CA 95113

Re: MDL 2093   In Re: MDL No. 2093 - IN RE: DIRECTV, Inc. Early Cancellation

Transfer of your Civil Case No. 5:09-2149

Case Title: Bruce Keiser v. DirecTV, Inc.

Dear Sir/Madam:

    An order having been made by the Judicial Panel on Multi-district Litigation transferring the above-numbered case to this district and assigning Judge ANDREW J. GUILFORD to preside over this litigation, we are transmitting herewith a certified copy of the conditional transfer order from the MDL Panel. We have assigned the following case number to this case: SA CV 09-1178 AG (ANx). Please include reference to this case number when the case file is sent to this district.

We would appreciate receiving the case file as soon as possible. Thank you for your cooperation.

                Very truly yours,

                Clerk, U.S. District Court

                By Stephanie Mikhail
                    Deputy Clerk

cc: *All counsel on the attorney service list*
    *Clerk, MDL Panel*